UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
-------------------------------------------------------------------X

THE ESTATE OF BETTY LANGFORD WRIGHT,

                Plaintiff,

      -against-

NATIONSTAR MORTGAGE, LLC,

                Defendant.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**3:16-CV-735 (NGG) (CSC)**

NICHOLAS G. GARAUFIS, United States District Judge.*

      On September 7, 2016, Defendant Nationstar Mortgage, LLC, removed this action to the Middle District of Alabama. (Not. of Removal (Dkt. 1).) Before the court is a Motion to Remand filed by Plaintiff, the Estate of Betty Langford Wright. (Pl.'s Mot. to Remand ("Pl. Mot.") (Dkt. 9).) For the reasons stated below, the Motion is DENIED.

**I.    BACKGROUND**

    **A. Plaintiff's Allegations in the State Complaint**

      Plaintiff commenced this action on December 17, 2015, by filing a summons and complaint in the Circuit Court of Macon County, Alabama (together with the amendment discussed below, the "State Complaint"). (State Compl. (Dkt. 1-1).) The defendants named in the complaint were Defendant Nationstar and six Fictitious Defendants "whose identities are not presently known but who will be added by substitution upon their identification." (Id. ¶ 8.) Plaintiff alleged that at the time of Betty L. Wright's death, she was the sole surviving owner and mortgagor of a residential property located in Tuskegee, Alabama (the "Property"). (Id. ¶¶ 1-4.)

---

* The Honorable Nicholas G. Garaufis, United States District Judge for the Eastern District of New York, sitting by designation.

The note underlying the mortgage (the "Loan") was issued by a third party in the principal amount of $63,400, and was reassigned to Defendant in July 2015. (Id. ¶¶ 1, 3.) Plaintiff alleged that Defendant "wrongfully took possession of the Property in November of 2015," and that the six Fictitious Defendants "aided" Defendant in the "wrongful conduct of installing the locks on the improvements located on the Property." (Id. ¶ 8.)

### B. Plaintiff's Causes of Action

Plaintiff sought "injunctive relief to stop [Defendant] Nationstar from foreclosing on the Mortgage and ordering Nationstar to provide Plaintiff with a fully detailed history of the balance of the subject loan, payments thereon," "cost and charges" that have accrued, and the "running balance." (State Compl. ¶ 10.) Plaintiff also asserted claims for nuisance, trespass, and conversion against Nationstar and the six Fictitious Defendants. (Id. ¶ 12.) Plaintiff requested "damages," but did not specify an amount. (Id.) On March 9, 2016, Plaintiff amended the State Complaint to add a claim against Nationstar for waste, once again requesting unquantified "damages." (Am. to State Compl. (Dkt. 1-2).)

### C. The Settlement Offers

On September 1, 2016, Plaintiff wrote an email to Defendant offering to settle the case if the Defendant would "waive the debt" owed on the Loan and "pay [Plaintiff] $250,000" (the "Settlement Offer"). (Not. of Removal at 2; see also Sept. 1, 2016, Email from Pl.'s Counsel (Dkt. 1-8 at ECF p.2).) Plaintiff repeated the same Settlement Offer in an email the next day. (See Sept. 2, 2016, Email from Pl.'s Counsel (Dkt. 1-8 at ECF p.3).)

### D. Removal and Plaintiff's Motion to Remand

On September 7, 2016, Defendant removed the action to the Middle District of Alabama on the basis of diversity jurisdiction. (Not. of Removal.) Plaintiff moved to remand on October 6, 2016. (Pl. Mot.)

2

## II. LEGAL STANDARDS

### A. Removal

"A party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction." McGee v. Sentinel Offender Servs., LLC, 719 F.3d 1236, 1241 (11th Cir. 2013) (quoting Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164 (11th Cir. 2006)). District courts must "'strictly construe the right to remove' and apply a general 'presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'" Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013) (alteration omitted) (quoting Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001)).

In general, a defendant may only file a notice of removal within 30 days of receiving "the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). There is an exception, however, for situations where "the case stated by the initial pleading is not removable," but the defendant later receives "an amended pleading, motion, order or other paper" that establishes a basis for federal jurisdiction. Id. § 1446(b)(3). Under those circumstances, the defendant is afforded a new 30-day period in which to remove the case. Id.

### B. Federal Diversity Jurisdiction

Federal courts have original jurisdiction over cases in which the parties have diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). When a defendant seeks to remove based on diversity jurisdiction, courts "[t]ypically . . . look to the complaint to establish the amount in controversy." McGee, 719 F.3d at 1241. Even if the initial pleading does not appear to satisfy the amount in controversy, the defendant nonetheless has two possible paths into federal court.

3

First, if the initial pleading seeks "nonmonetary relief"—or seeks a "money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded"—the defendant's "notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2)(A). "In this scenario, 'the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.'" McGee, 719 F.3d at 1241 (quoting Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).

The second path relies on Section 1446(b)(3), as described above. If "an amended pleading, motion, order or other paper" establishes, for the first time, that the amount in controversy exceeds the $75,000 statutory threshold in a case with diversity of citizenship, a defendant may remove the case during the renewed 30-day removal window. 28 U.S.C. § 1446(b)(3).

### III. DISCUSSION

Defendant removed this action more than eight months after Plaintiff filed the State Complaint. Therefore, removal was untimely unless the Settlement Offer created a new 30-day window of removability under Section 1446(b)(3). As the removing party, Defendant bears the burden of showing, by a preponderance of the evidence, that (1) "the case stated by the initial pleading [was] not removable," and (2) the Settlement Offer constituted "paper from which it may first be ascertained that the case" was removable. 28 U.S.C. § 1446(b)(3).

With regard to the first prong, Plaintiff argues that removal was untimely because the "removal request [was filed] more than 30 days past the date Defendant knew or should have known" that the amount in controversy exceeded $75,000. (Pl. Mot. at 3.) With regard to the second prong, Plaintiff argues that the court lacks original jurisdiction because the Fictitious Defendants vitiate complete diversity. The court finds that both arguments are foreclosed by

4

clear legal authority, and further, that Defendant's Notice of Removal was sufficient to establish federal jurisdiction. Accordingly, the Motion to Remand is denied.

### A. Removability Based on the Initial Pleading

Plaintiff argues that, though no damage amount was specified in the State Complaint, Defendant could reasonably have deduced that the amount in controversy exceeded $75,000 based on the value of the Property and value of the Loan. Plaintiff's argument appears to rely on Defendant's ability to "assert" an amount in controversy under certain circumstances if the initial pleading is silent. See 28 U.S.C. § 1446(c)(2)(A). Plaintiff alleges, first, that "the value of the [Property] is in excess of $75,000." (Pl. Mot. ¶ 6.) Defendant "is believed to have an appraisal for part of the real estate"—the portion of the Property at issue in the conversion and waste claims—and that partial appraisal alone "is believed to exceed $75,000." (Id. ¶ 5.) With regard to the Loan, Plaintiff noted that the outstanding balance was $67,478.76 as of December 2015. (Id. ¶ 5.a; see also Dec. 22, 2015, Payoff Statement (Dkt. 9 at ECF p.5).) The full loan balance "is believed to exceed $75,000 when late charges, counsel fees, interest, etc. are included." (Pl. Mot. ¶ 5.a.)

Even if Plaintiff is correct about these alleged values, however, this argument fails because the State Complaint did not place the full value of the Property or the Loan at issue. A defendant seeking to assert an amount in controversy for the purposes of diversity jurisdiction "can take into account damages and any equitable relief the plaintiff seeks, as long as the estimate is not overly speculative." Porter v. MetroPCS Commc'ns Inc., 592 F. App'x 780, 783 (11th Cir. 2014) (summary order) (citing Leonard v. Enter. Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002)). The State Complaint sought monetary damages on its tort and waste claims, as well as an injunction delaying foreclosure and ordering an accounting on the Loan. Plaintiff did not, however, assert an unencumbered right of ownership to the Property. Plaintiff did not

seek to permanently enjoin foreclosure or to reduce or cancel its debt under the Loan. (See State Compl. ¶ 5 ("Plaintiff, is ready, willing and able to pay the subject debt and prevent foreclosure on the Property.").) Therefore, Defendant would not have been able to assert an amount in controversy based on the value of the Property or the value of the Loan. See, e.g., White v. Wells Fargo Home Mortg., No. 11-CV-408 (MHT), 2011 WL 3666613, at *3 (M.D. Ala. Aug. 22, 2011) ("[N]either the total value of the property, nor [plaintiff's] current debt, represents the amount in controversy because [plaintiff] does not challenge the validity of the mortgage or seek an injunction prohibiting foreclosure." (citing James v. U.S. Bank Nat'l Ass'n, 2009 WL 2170045, at *2 (M.D. Ala. July 17, 2009))); Brown v. Ocwen Loan Servicing, LLC, 798 F. Supp. 2d 1288, 1290 (M.D. Ala. 2011) (An injunction delaying foreclosure "is worth much less than the [total] value of the property" for the purpose of satisfying the amount in controversy, "and the court cannot simply rely on the value of the mortgage or the property to determine that amount." (citations omitted)).

Plaintiff has not alleged that its causes of action put into controversy a combined total of at least $75,000, and Defendant is not permitted to speculate as to the amount in controversy without some objective basis. Simpson v. Primerica Life Ins., Co., No. 2:16-CV-331 (WKW), 2016 WL 3647336, at *1 (M.D. Ala. July 7, 2016) ("If the evidence does not unambiguously establish the amount in controversy, 'neither the defendants nor the court may speculate in any attempt to make up for the notice's failings.'" (quoting Lowery v. Alabama Power Co., 483 F.3d 1184, 1214-15 (11th Cir. 2007))). Neither the value of the Property nor the value of the Loan was properly at issue in the case before the Settlement Offer. Therefore, the court finds that Defendant has carried its burden of showing that the action was not removable based on the initial pleading.

6

**B. Removability Based on the Settlement Offer**

Defendant bears the burden of showing that the Settlement Offer established federal jurisdiction. The court finds that the Settlement Offer provided an evidentiary basis for the "amount in controversy" requirement, and further finds that the parties have complete diversity of citizenship. Federal diversity jurisdiction therefore exists in this case, and the court finds that removal was proper. 28 U.S.C. §§ 1332(a), 1443(b)(3).

    1.    Amount in Controversy

Section 1446(b)(3) permits removal after the initial 30-day window has closed if "an amended pleading, motion, order or other paper" newly establishes a basis for federal jurisdiction. Defendant contends—and Plaintiff does not contest—that the emailed Settlement Offer qualifies as "other paper" within the meaning of the statute. (Not. of Removal at 5-6.) See also Lee v. Lilly Trucking of Virginia, Inc., No. 2:12-CV-74 (MEF), 2012 WL 960989, at *2 (M.D. Ala. Mar. 21, 2012) ("Demand letters, settlement offers, and even emails estimating damages may constitute 'other paper.'" (citing Lowery, 483 F.3d at 1212 n.62)).[1]

The Settlement Offer requested a $250,000 payment plus waiver of the Loan, which, at the time of removal, had a balance of $70,555.56. (Not. of Removal at 5; see also Debt Validation Figures (Dkt. 1-9).) Thus, the Settlement Offer had a total value of $320,555.56, well in excess of the statutory $75,000 threshold for the amount in controversy. 28 U.S.C. § 1332(a); see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010) ("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal." (citations omitted)). The court finds that the Settlement Offer permitted

---

[1] In the September 1, 2016, email, Plaintiff's counsel referenced a "prior verbal offer to resolve the matter." (Sept. 1, 2016, Email from Pl.'s Counsel (Dkt. 1-8 at ECF p.2).) "[T]his court has found that an oral settlement demand by itself fails to meet the 'other paper' requirement," however. Simpson v. Primerica Life Ins., Co., No. 2:16-CV-331 (WKW), 2016 WL 3647336, at *4 (M.D. Ala. July 7, 2016) (citation omitted). The relevant communication under Section 1446(b)(3) was the first written settlement offer.

7

Defendant to remove the action under Section 1446(b)(3), assuming the case had diversity of citizenship.

### 2. Diversity of Citizenship

To qualify for diversity jurisdiction, an action must exhibit "complete diversity," meaning that "every plaintiff must be diverse from every defendant." Rivas v. The Bank of N.Y. Mellon, — F. App'x —, No. 15-15324, 2017 WL 242545, at *3 (11th Cir. Jan. 20, 2017) (summary order) (quoting Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013)). Defendant asserts that the Estate of Betty L. Wright is an Alabama citizen because Ms. Wright herself was an Alabama citizen. (Not. of Removal at 3.) See also 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."). Defendant, meanwhile, is a foreign limited liability company with citizenship in the states of Delaware and Texas. See Rivas, 2017 WL 242545, at *3 ("A limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." (quoting Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004) (alteration omitted))). (See Not. of Removal at 3 (Defendant's membership consists of two entities, both of which hold citizenship in Delaware and Texas.).)

Plaintiff challenges complete diversity by pointing to the six Fictitious Defendants named in the State Complaint. Plaintiff "has yet to determine or establish who said parties are," but Plaintiff "anticipate[s] that such parties are Alabama residents" and plans to add them "upon identification." (Pl. Mot. ¶ 8.) This argument is foreclosed by clear statutory text: for diversity purposes, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b); see also Walker v. CSX Transp. Inc., 650 F.3d 1392, 1395 n.11 (11th Cir. 2011) ("[T]hat the fictitious defendants were likely Georgia citizens did not destroy complete

8

diversity because [Section 1441] requires that fictitious 'named' parties be disregarded for purposes of diversity jurisdiction."). The court finds that complete diversity existed at the time of removal. Therefore, in light of the above analysis regarding the amount in controversy, the court finds that this action was properly removed under Section 1446(b)(3).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand (Dkt. 9) is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
February 22, 2017

/s Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

9